```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ARLEIGH SPENCER,

                Plaintiff,            MEMORANDUM & ORDER
                                      06-CV-2637(JS)(MLO)
        - against -

INTERNATIONAL SHOPPES, INC., and MICHAEL
HALPERN, personally and as President of
International Shoppes, Inc.,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Michael J. Borrelli, Esq.
                   Borelli & Associates, P.C.
                   One Old Country Road, Suite 347
                   Carle Place, NY 11514

For Defendants:    Daniel C. Ritson, Esq.
                   Herten, Burstein, Sheridan, Cevasco,
                   Bottinelli, Litt & Harz, LLC
                   747 Third Avenue, 37th Floor
                   New York, NY 10007
```

SEYBERT, District Judge:

Before the Court is Defendants International Shoppes, Inc.'s ("ISI") and Michael Halpern's (collectively, "Defendants") motion for reconsideration for part of the Court's Order dated March 30, 2010 ("March Order"), that denied Defendants' motion for summary judgment on Plaintiff Arleigh Spencer's ("Plaintiff" or "Spencer") claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and New York Executive Law § 296 ("NYHRL") for retaliatory litigation. For the reasons that follow, Defendants' motion is DENIED.

## BACKGROUND[1]

Plaintiff, an African-American male, at the age of fifty-three, started work at ISI in September of 1999. In October of 2003, Plaintiff sent a memorandum to Michael Halpern and others that alleged he had been subjected to discrimination at ISI. On May 18, 2004, Spencer filed a complaint with the New York State Division of Human Rights ("DHR") for alleged discrimination he faced at ISI. After being disciplined several times, and subsequently, violating a "last warning", Plaintiff was terminated in June of 2004. Subsequently, on July 22, 2004, Plaintiff filed a supplemental complaint with the DHR, additionally alleging retaliatory termination. Soon thereafter, on July 28, 2004, Defendants filed suit against Spencer in the Supreme Court of New York, Nassau County, alleging, among other things, defamation. On May 26, 2006, Plaintiff filed a Complaint in the pending action against Defendant. Plaintiff then filed an Amended Complaint on April 26, 2007, asserting twelve claims that included race-based discrimination, age-based discrimination, retaliatory discharge and retaliatory litigation.

Subsequently, Defendants filed a motion for summary judgment on all of Plaintiff's claims. The Court granted, in part, Defendants' motion for summary judgment dismissing Plaintiff's

---

[1] The relevant facts of this case are set forth in the March Order; the Court presumes familiarity with these facts.

race-based and age-based discrimination claims, as well as Plaintiff's retaliatory termination claims. The Court, however, denied Defendants' motion for summary judgment on Plaintiff's retaliatory litigation claims. Defendants now move for reconsideration on the part of the March Order that did not dismiss Plaintiff's claims for retaliatory litigation.

DISCUSSION

I. Standard For Reconsideration

Motions for reconsideration may be brought under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, as well as Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. March 14, 2007). The standard for a motion for reconsideration is strict; indeed, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also In re N.Y. Cmty. Bancorp, Inc., 244 F.R.D. 156, 159 (E.D.N.Y. 2007) ("A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision."). Reconsideration is not a proper tool to repackage and relitigate

arguments and issues that were already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.")  Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Moreover, the "requirements of Local Rule 6.3 . . . are strictly construed in order to keep the court's docket free of unnecessary relitigation." Pena-Rosario v. Reno, No. 99-CV-4652, 2000 WL 620207, at *1 (E.D.N.Y. May 11, 2000); see also In re Health Mgmt. Sys. Inc., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."). The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court. Gross, 2002 WL 32096592, at *4.

## II. Defendants' Argument For Reconsideration

Defendants argue that the Court should reconsider its ruling in the March Order because the Court overlooked controlling law and facts. Specifically, Defendants argue that (1) the Court, on the facts originally presented, incorrectly held that the Plaintiff had a good faith, reasonable belief that he was subjected to unlawful discrimination; and (2) the Court applied the incorrect

4

test when deciding whether Plaintiff, indeed, had a good faith, reasonable belief that he was subjected to unlawful discrimination.

Defendants contend that the Court overlooked controlling facts when deciding whether Plaintiff had a good faith, reasonable belief that he was subjected to unlawful discrimination when he filed a complaint with the DHR. As one of the necessary elements to a prima facie case for retaliation, Plaintiff must establish that he engaged in protected activity under Title VII. McMenemy v. City of Rochester, 241 F.3d 279, 282 (2d Cir. 2001). Furthermore, to be protected activity under Title VII, "plaintiff must have had a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" Id. at 285 (quoting Wimmer v. Suffolk County Police Dept., 176 F.3d 125, 134 (2d Cir. 1999)).

Defendants argue that the facts show that Plaintiff did not have a good faith, reasonable belief that he was subjected to unlawful discrimination. Defendants, in support, proffer several facts that include, among others, the following: (1) Plaintiff received additional compensation for not participating in ISI's health benefits plan; (2) Plaintiff was not subject to any comments regarding his age or race while employed at ISI; and (3) Plaintiff did not cooperate with ISI's investigation into Plaintiff's complaint of discrimination. The Court, however, did not overlook these or any other facts originally presented in the parties'

5

summary judgment motion papers. Simply, there was enough evidence to support that Plaintiff, did, in fact, have a good faith, reasonable belief that he was subjected to unlawful discrimination; for instance, Plaintiff was disciplined as or more harshly than two Caucasian employees that perpetrated a "phantom employee" scheme and Plaintiff was reprimanded for checking his personal 401K during company time, yet at least one other employee, a Caucasian allegedly checked her 401K, but was not similarly reprimanded. Indeed, at the prima facie stage for retaliation, a Plaintiff's burden is only de minimis. See Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

It bears noting that these facts and/or allegations and others proffered by Plaintiff were not enough to survive a summary judgment motion on his racial discrimination claims. These facts and/or allegations, as stated in the March Order, however, were sufficient to establish an element of prima facie racial discrimination; specifically, adverse employment action(s) occurred under circumstances that gave rise to an inference of discriminatory intent. Though Plaintiff establishes a prima facie case for race-based discrimination, this does not necessarily per se establish a good faith, reasonable belief that Plaintiff was subjected to racial discrimination. That said, the facts that help Plaintiff establish a prima facie case for racial discrimination, also help establish here, that Plaintiff did, in fact, have a good

6

faith, reasonable belief that he was subjected to racial discrimination.

Defendants contend that the evidence proffered by Plaintiff that supports an inference of race-based discriminatory intent, are for the most part unsupported. Even if this were so, provided that Plaintiff reasonably believed the allegations to be true at the time of his filing the complaint and supplemental complaint with the DHR, he still could have had a good faith, reasonable belief that Defendants' actions he opposed were unlawful. As long as Plaintiff had "a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law," then, Plaintiff can prevail on a retaliation claim even when the underlying conduct complained of was lawful. Weiss v. Morgan Stanley Inv. Mgmt., 345 Fed. Appx. 713, 714 (2d Cir. 2009) (quotations omitted).

In the alternative, Defendants also contend that the Court applied the incorrect test when determining whether the Plaintiff had a good faith, reasonable belief that he was subjected to unlawful discrimination. Because the initial DHR Complaint did not allege discriminatory termination, but rather hostile work environment discrimination, the Court should use standards under a hostile work environment harassment claim to determine whether Plaintiff had a good faith, reasonable belief that he was opposing unlawful discrimination. For the reasons discussed below, this

7

argument fails.

Defendants never raised this argument in its summary judgment motion papers. Consequently, they cannot raise it here. See Murphy v. Allied World Assur. Co., No. 08-CV-3821, 2009 WL 1528527, at *1 (S.D.N.Y. May 29, 2009) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments . . . ."). Moreover, this argument fails on the merits. The Court, as discussed above, did not find that the Plaintiff had a good faith, reasonable belief solely on the basis that Plaintiff established a prima facie case for racial discrimination; rather, the Court noted that the evidence that supported a prima facie case for racial discrimination also helped support that Plaintiff had a good faith, reasonable belief that he was subjected to racial discrimination. Thus, the Court never applied a test for prima facie discriminatory termination when assessing whether Plaintiff had a good faith, reasonable belief that he was subjected to unlawful discrimination. Nevertheless, omitted from Defendants' motion papers is the fact that Plaintiff filed a Supplemental Complaint--prior to Defendants' alleged retaliatory litigation--with the DHR where discriminatory termination is, in fact, alleged. Thus, Plaintiff's allegations to discriminatory termination should be considered when determining whether Plaintiff had a good faith, reasonable belief that he was subjected to unlawful discrimination.

Plaintiff's filing of the Supplemental Complaint is also a protected action, provided that he had a good faith, reasonable belief he was subjected to unlawful discrimination. As held in the March Order, Plaintiff did have a good faith, reasonable belief that he was subjected to unlawful discrimination. Because Defendants have failed to demonstrate that the Court overlooked controlling law or facts, that if considered, could reasonably be found to alter the Court's decision to deny, in part, Defendants' Motion for Summary Judgment, the Court DENIES Defendants' Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for reconsideration.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  June  22 , 2010
Central Islip, New York