**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ARLEIGH SPENCER,

                             Plaintiff,                  **MEMORANDUM
                                                                           AND ORDER**

          - against -

                                                                                 CV 06-2637 (AKT)

INTERNATIONAL SHOPPES, INC. and
MICHAEL HALPERN,

                              Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      I have reviewed the letter briefs submitted by the parties in response to my previous order [DE 149]. Plaintiff requests that discovery be re-opened on a limited basis for the purpose of allowing the parties to conduct inquiries regarding Plaintiff's recent stroke which he asserts was directly related to the allegedly retaliatory state court litigation brought by Defendants. *See* DE 150. Defendants oppose the request on the grounds that Plaintiff will not be able to prove that the litigation caused the stroke and the discovery sought is irrelevant and prejudicial. *See* DE 151. For the reasons set forth below, Plaintiff's motion to re-open discovery is GRANTED.

      **I.    BACKGROUND**

      Plaintiff's Complaint, originally filed in May 2006, asserted various state and federal employment law claims. *See* DE 1. In March 2010, Judge Seybert granted Defendants' motion for partial summary judgment. DE 90. Discovery is closed and the parties have consented to my jurisdiction to conduct all proceedings and order the entry of judgment. Plaintiff's sole remaining claim is that Defendants unlawfully retaliated against him by filing the matter entitled *Int'l Shoppes, Inc. v. Spencer*, No. 10559/04 (Nassau Cty. Sup. Ct.) on July 28, 2004 (the "State

Litigation").

The case was set to be tried earlier this year, but the trial was adjourned due to the trial of the State Litigation, among other reasons. The trial of the State Litigation concluded on July 5, 2011 and the parties are awaiting a verdict. *See* DE 147. Soon after the end of that trial, Plaintiff suffered a stroke. *See id.* On August 1, 2011, Plaintiff's counsel informed Defendants that Plaintiff was planning to introduce evidence of the stroke at trial and to seek damages based on the theory that the State Litigation caused the stroke. *See id.* Defendants sought relief from the Court barring the introduction of this evidence. DE 147. Plaintiff opposed the request. DE 148. I held a telephone conference with the parties on this issue and directed them to provide citations to cases which they believe support their arguments. DE 149. The parties filed supplemental letter briefs on August 11, 2011. DE 150, 151.

## II. **DISCUSSION**

A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery. *See, e.g.,Trebor Sportswear Co. v. Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential"). Courts apply the following six-part test to analyze a request to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the

> guidelines established by the court, 5) the foreseeability of the need
> for additional discovery in light of the time allowed for discovery
> by the district court, and 6) the likelihood that the discovery will
> lead to relevant evidence.

*Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776, 2008 WL 441526 (E.D.N.Y. Sept. 24, 2008) (citations omitted). Each of these factors is addressed below.

### A. Imminency of Trial Date

A trial in this action is scheduled for September 19, 2011. This factor weighs in favor of Defendants.

### B. Defendants' Opposition to the Motion to Reopen Discovery

The request to reopen discovery is opposed by Defendants [DE 150]. Defendants contend that Plaintiff's motion to re-open discovery should be denied on the grounds that: 1) Plaintiff will not be able to establish a causal connection between the stroke and the State Litigation; 2) the discovery Plaintiff seeks is irrelevant; and 3) the discovery sought is "inherently prejudicial and without probative value."

As to the causation argument, Defendants essentially contend that Plaintiff is not entitled to discover evidence relating to whether the State Litigation caused the stroke because Plaintiff will not be able to prove that the State Litigation *caused* the stroke. "The purpose of discovery is to provide both parties with information essential to proper litigation of all the facts." *Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 361 (E.D.N.Y. 1997) (citation and internal quotations omitted). The heart of Plaintiff's remaining claim is that the Defendants retaliated against him by bringing the State Litigation. Therefore, the State Litigation itself is an essential component of that claim. Any alleged consequences attendant to that litigation are therefore within the

3

proper sphere of permissible discovery. Whether the Plaintiff can establish causation – an element not yet tested via discovery – is not a compelling reason to prevent Plaintiff from obtaining discovery on this matter.

Defendants' relevancy objection, which is not explained or supported by case law is also rejected. Fed. R. Civ. P. 26(b)(1) describes the scope of, and limitations on, discovery in civil litigation:

> **In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"). This Court has held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." *Apicella v. McNeil Labs.*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In *Apicella*, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." *Id*. If Plaintiff is able to produce evidence tending to show that Plaintiff's stroke was caused by the State Litigation, such evidence would be highly relevant to Plaintiff's claimed damages.

Finally, this is not the appropriate time to weigh the prejudicial value of the evidence sought against its probative value. Whether or not the probative value of the evidence outweighs the potential prejudice is a question of admissibility for trial. *See* Fed. R. Evid. 403. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to admissible evidence." Fed. R. Civ. P. 26(b)(1). If Defendants have concerns about the evidence, they can make a *motion in limine* at the appropriate time.[1]

Based on the Court's findings here, this factor weighs in favor of the Plaintiff.

### C. Prejudice To Defendant

Defendants do not argue that re-opening discovery is prejudicial.[2] In fact, as noted above, Defendants initially requested that the Court re-open discovery to prevent any prejudice to Defendants at trial. Moreover, as Plaintiff's counsel points out, Plaintiff is not claiming back pay. Therefore, potential damages do not continue to accrue. Finally, Plaintiff reports that the initially scheduled trial date was inconvenient for Defendants and Defendants do not dispute this assertion, thus Defendants do not appear to be prejudiced by the moving of the trial date that will be necessitated by the reopening of discovery. *See* DE 150, 151. For all these reasons, this

---

[1] The Court also notes that Defendants did not initially oppose the re-opening of discovery. When Plaintiff initially informed Defendants that he was planning to introduce evidence of the stroke at trial, Defendants sought relief from the Court barring the introduction of the evidence. DE 147. In that request, Defendants stated: "In the absence of an order barring such evidence, Defendants further submit that discovery must be reopened for the limited purpose of discovering the facts and circumstances relative to any such stroke." *Id*. at 2. In the additional briefing requested by the Court, Defendants now take the position that discovery should not be re-opened.

[2] Although Defendants argue that the evidence Plaintiff seeks will be prejudicial if presented to a jury, the relevant inquiry here is whether the re-opening of discovery is itself prejudicial.

5

factor weighs in favor of Plaintiff.

> **D.** **Diligence of Plaintiff in Seeking Discovery and Foreseeability of the Need for Discovery**

The stroke allegedly occurred on July 16, 2011. DE 148. Plaintiff sought the Court's permission to re-open discovery on August 3, 2011. *Id*. The Plaintiff's stroke and the need for discovery relating to it was not foreseeable. Having made this application within two weeks, I find that Plaintiff was diligent in seeking the discovery. This factor, therefore, weighs in favor of Plaintiff. *See Geneva Pharms. Tech. Corp. v. Barr Labs.*, No. 99 Civ. 3607, 2005 WL 2132438, at *5) (S.D.N.Y. Sept. 6, 2005) (holding that justice required the re-opening discovery to explore relevant events that occurred after discovery closed).

> **F.** **Likelihood That Discovery Will Lead To Relevant Evidence**

The final factor to be considered is whether the requested material is likely to lead to the discovery of admissible evidence. "When a party merely speculates as to what evidence would be produced upon further discovery, a court is correct in denying the party's request to allow more discovery." *Harris v. Computer Assocs. Int'l Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001). As discussed above, there is no question that the discovery concerning Plaintiff's stroke may lead to relevant evidence regarding damages or that Plaintiff's counsel is merely speculating. This factor also weighs in favor of Plaintiff.

The majority of the factors weigh in favor of Plaintiff and Plaintiff has established good cause for re-opening discovery. This ruling, however, should not be construed as the Court concluding that causation can be established through an expert in this case. That issue remains to be seen.

**III.     CONCLUSION**

For the reasons discussed above, the Court rules as follows:

(1) Discovery in this matter is re-opened for the limited purpose of allowing the parties to gather information regarding Plaintiff's claim for damages relating to his recent stroke.

(2) Plaintiff shall serve his expert report by September 30, 2011. Defendants' rebuttal expert report must be served by November 10, 2011. If Defendants wish to conduct an independent medical examination of the Plaintiff, counsel are directed to work cooperatively to schedule the examination so that they can comply with the foregoing expert discovery deadlines.

(3) Expert deposition(s) are to be completed by November 22, 2011.

(4) Counsel are directed to participate in a telephone conference on November 16, 2011 at 11:00 a.m. to set the new trial date.

**SO ORDERED:**

Dated: Central Islip, New York
August 16, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge