UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARLEIGH SPENCER,

                                       Plaintiff,

          - against -

INTERNATIONAL SHOPPES, INC.,
and MICHAEL HALPERN

                                    Defendants.
-----------------------------------------------------------X

**ORDER**

CV 06-2637 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Before the Court is Plaintiff's letter request seeking clarification on whether Plaintiff is required to serve an expert report for his treating physician [DE 153] and Defendants' request that Plaintiff be ordered to serve an expert report [DE 154]. For the reasons stated below, and within the specific parameters set forth below, the Court finds that Plaintiff's treating physician is not required to serve an expert report.

    **I.**    **BACKGROUND**

Plaintiff's Complaint, originally filed in May 2006, asserted various state and federal employment law claims. *See* DE 1. In March 2010, Judge Seybert granted Defendants' motion for partial summary judgment. DE 90. The parties subsequently consented to my jurisdiction to conduct all proceedings and order the entry of judgment. Plaintiff's sole remaining claim is that Defendants unlawfully retaliated against him by filing the matter entitled *Int'l Shoppes, Inc. v. Spencer*, No. 10559/04 (Nassau Cty. Sup. Ct.) on July 28, 2004 (the "State Litigation").

This matter was set to be tried earlier this year, but the trial was adjourned, among other reasons, due to the trial of the State Litigation. That trial concluded on July 5, 2011. *See*

DE 147.  Soon after the end of that trial, Plaintiff suffered a stroke.  *See id.*  On August 1, 2011, Plaintiff's counsel informed Defendants that Plaintiff was planning to introduce evidence of the stroke at the upcoming trial of the instant action and to seek damages based on the theory that the State Litigation caused the stroke.  *See id.*  Defendants sought relief from the Court barring the introduction of this evidence.  DE 147.  Plaintiff opposed the request.  DE 148.  On August 16, 2011, I entered an order re-opening discovery for the limited purpose of allowing the parties to gather information concerning Plaintiff's claim for damages relating to his recent stroke.  DE 152.  In that Order, I set forth a schedule for expert discovery.

On September 2, 2011, the parties wrote the Court regarding Plaintiff's plan to introduce his treating physician as a witness at trial without producing an expert report or otherwise complying with the expert disclosure requirements of Federal Rule of Civil Procedure 26 [DE 153, DE 154].  Plaintiff's counsel states that he does not intend to introduce an expert at trial, but rather plans to have Plaintiff's treating physician testify "broadly as to his opinions about the cause(s) of Plaintiff's stroke."  DE 153 at 2.  Plaintiff's position is that the treating physician may "render opinion testimony extending beyond the care and treatment of Plaintiff," and, therefore, no expert report is necessary.  *Id.*  Defendants argue that Plaintiff must submit an expert report even if they only plan to call the doctor in his capacity as a treating physician at trial because Defendants will be prejudiced in their ability to prepare for trial without the report.  Plaintiff does not object to allowing Defendants to depose the treating physician again before trial on the issue of whether the State Litigation caused the stroke, but Defendants do not believe that this is adequate as they will not be able to properly prepare for a deposition without an expert report.

**II.     DISCUSSION**

As a preliminary matter, I note that Defendants would be permitted to re-examine Plaintiff's treating physician regardless of the capacity in which he is testifying because Plaintiff's damages claim has been amended and Defendants are entitled to an opportunity to ask questions related to the new damages claim. *See* DE 152. Likewise, Defendants are entitled to any medical records from the treating physician for the period covering the last set of records provided and up to the present day. The Court presumes that Plaintiff has already provided the Defendants with these additional records.

Second, the application raises several important questions for which the Court has little information. For example, who is the Plaintiff's treating physician and what is his area of expertise (general practitioner? cardiologist? neurologist?). Is this "treating physician" the doctor who actually treated Plaintiff for the stroke, or did this doctor refer Plaintiff to a specialist(s)? The answers to these questions, as will be seen below, directly impact the parameters within which this "treating physician" may testify.

Plaintiff's counsel has represented to this Court that the proposed witness will only be testifying in his capacity as a treating physician and that he is not being offered as an expert witness. "It is well settled that treating physicians can be deposed or called to testify at trial without the requirement of a written report." *Cruz v. Henry Modell & Co., Inc.*, No. CV 05-1450, 2008 WL 905356, at *13 (E.D.N.Y. March. 31, 2008) (quoting *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004)) (internal quotations omitted); *see also Reilly v. Revlon, Inc.*, No. 08 Civ. 205, 2009 WL 2900252, at *3 (S.D.N.Y. Sept. 9, 2009) ("Treating physicians do not need to be designated as experts in order to testify."); *Monroe-Trice v. Unum*

*Emp. Short-Term Disability Plan*, No. 00 Civ. 6238, 2003 WL 68033, at *1 (S.D.N.Y. Jan. 8, 2003) ("Rule 26(a)(2)(B) does not require a treating physician to provide a report as a predicate to testifying for his patient."). However, without properly declaring a treating physician as an expert witness, the physician's testimony is limited to certain parameters, including his/her care and treatment of the patient. *See Turner v. Delta Air Lines*, No. 06-CV-1010, 2008 WL 222559, at *1 (E.D.N.Y. Jan. 25, 2008) ("[I]f the witness testifies only to the opinions formed in providing plaintiff medical care, such opinions are considered an explanation of treatment [ ] and the physician may properly be characterized as a fact witness."); *Monroe-Trice*, 2003 WL 68033, at *2 ("The doctor will, however, be permitted to testify about his evaluation and treatment of plaintiff, and may express his opinions about the plaintiff's condition and prognosis based upon his observations while treating plaintiff." ); *Lamere*, 223 F.R.D. at 89 ("It is indeed certain that a treating physician, who has not complied with the reporting requirements of Rule 26(a)(2)(B), should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records."); *Peck v. Hudson City Sch. Dist.*, 100 F. Supp. 2d 118, 121 (N.D.N.Y. 2000) ("[T]o the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not considered to be a 'specially employed' expert and is not subject to the written report requirements of Rule 26(a)(2)(B)."). In other words, "if the witness testifie[s] only to the opinions performed in providing plaintiff medical care, such opinions are considered an explanation of treatment notes and the physician may properly be characterized as a fact witness." *Turner v. Delta Air Lines, Inc.,* 2008 WL 222559, at *1*; see also Dekel v. Unum Provident Corp.*, 593 F. Supp. 2d 516, 523 (E.D.N.Y. 2009) (holding that

Rule 26(a)(2) expert disclosure requirements were inapplicable to witnesses who appeared to be treating physicians, not experts retained for the purposes of litigation).

Therefore, the key to what a treating physician can testify to without being declared an expert is based on *his/her* personal knowledge from consultation, examination and treatment of the Plaintiff, "not from information acquired from outside sources." *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996); *see also Smolowitz v. Sherwin-Williams Co.*, No. 02-CV-5940, 2008 WL 4862981, at *4 (E.D.N.Y. Nov. 10, 2008) (a treating physician's testimony "must be based on information that *he* has acquired in his role as a treating physician.") (emphasis added); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) ("The relevant question is whether these treating physicians acquired their opinions . . . directly through their treatment of the plaintiff."). As noted, if the specific doctor at issue here is the physician who actually treated Plaintiff for the stroke, then the physician is not required to provide an expert report in order to testify.

Likewise, courts in this Circuit have commented that a treating physician cannot be limited to solely factual testimony. *Lamere*, 223 F.R.D. at 87; *Byrne v. Gracious Living Indus., Inc.*, No. 01 Civ. 10153, 2003 WL 446474, at *2 (S.D.N.Y. Feb. 25, 2003) ("A treating physician who is called to testify to information acquired solely in that role, as opposed to giving an opinion formulated for trial, is not an expert for purposes of Rule 26(a)(2)(A)" and that physician may render expert opinion testimony regarding causation even without submitting a detailed report). As the court noted in *Lamare*,

> It is a given that there are facts to which a treating physician would testify to in order to explain the treatment, diagnosis, and prognosis provided to the patient. Those facts would be the patient's on-going

> medical history, the course of treatment, medication and other prescriptions, and any other relevant facts germane to the course of treatment. But we cannot completely limit a treating physician to solely factual testimony. A treating physician is no less a person with specialized knowledge and, in the scheme of her physician duties, provides opinions of various nature in the process of treating to her patient. In this respect, we view the doctor's testimony as far broader than just a mere fact witness but as an expert in that the doctor's [ ] scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue [.] [A] witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Lamere*, 223 F.R.D. at 87-88 (quoting Fed. R. Evid. 702). The court in *Lamere* concluded that physicians are expert witnesses where testimony is governed by Rule 702 rather than 701, even though they do not fall within the confines of experts under Rule 26. *Id.* at 88; *see also Reilly*, 2009 WL 2900252, at *3 (concluding that treating physicians may give opinion testimony about Plaintiff's condition and emotional damages pursuant to Fed. R. Evid. 702).

Even if the treating physician in this case is permitted to provide expert testimony in his own right with regard to causation, his testimony must nonetheless be limited to and based upon the information that he has acquired in his role as a treating physician. *Smolowitz*, 2008 WL 4862981, at *4. As one court has noted, "[a] doctor's opinions on the issue of causation are relevant, indeed, necessary, to the treatment of the patient and therefore constitute an explanation of treatment." *Turner*, 2008 WL 222559, at *2. Therefore, the physician at issue, to the extent that he/she truly is the doctor who treated Plaintiff for his stroke, will be permitted to testify as a treating physician and will be permitted to offer opinion testimony on diagnosis, treatment,

6

prognosis and causation, but *solely* as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician limited to the facts in Plaintiff's course of treatment.

Having set forth the above parameters, Plaintiff's counsel is cautioned that the physician at issue can testify only to his/her own course of treatment of the Plaintiff.  The treating physician may not introduce information provided by other physicians to whom the Plaintiff may have been referred nor may the doctor present any medical reports received from other physicians regarding the Plaintiff or opine on any information provided by another doctor.  The contents of such reports would not have not been open to testing by cross-examination or an opportunity for cross-examination.  Likewise, the statements would not be made under oath.  Such reports, then, standing alone, are inadmissible as hearsay under Rule 802 of the Federal Rules of Evidence and they do not fit under the exceptions to the hearsay rule.  Another physician's report and assessment of the Plaintiff is not a business record of the specific treating physician addressed here.  Nor may Plaintiff utilize such information because Plaintiff is attempting to save expenses associated with retaining an expert witness.  In order for the treating physician here to testify concerning opinions not gleaned from his own diagnoses and treatment of the Plaintiff, he must have been designated an expert witness and must have prepared the necessary expert report.  Plaintiff has not done so.  Plaintiff therefore proceeds at his own risk.  *See Smolowitz v. Sherwin-Williams Co.*, No. 02-CV-5940, 2008 WL 4862981, at *6 (E.D.N.Y. Nov. 10, 2008) (granting summary judgment for defendant where plaintiff unable to prove causation through his treating physician).

### III.     CONCLUSION

In light of the foregoing information and findings, Plaintiff's treating physician may testify at trial in accordance with the guidelines set forth above without producing an expert report.  Defendants' counsel may continue the deposition of the treating physician, and explore the areas of inquiry set forth in their September 2, 2011 letter (including the qualifications of the physician and the basis for his opinion regarding Plaintiff's stroke), so long as the deposition is concluded by November 14, 2011.  Defendants are also permitted to conduct a further independent medical examination of the Plaintiff if they wish, so long as that examination is also concluded by November 14, 2011.

**SO ORDERED.**

Dated: Central Islip, New York
       September 20, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge