**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ARLEIGH SPENCER,

                      Plaintiff,

          - against -

INTERNATIONAL SHOPPES, INC., and
MICHAEL HALPERN, personally and as
President of International Shoppes, Inc.,

                      Defendants.
-----------------------------------------------------------X

**ORDER**

CV 06-2637 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This case is set down for trial on March 4, 2013. The only claim left to be tried is Plaintiff Arleigh Spencer's claim for retaliatory commencement of a litigation, pursuant to Title VII of the Civil Rights Act of 1964, New York Executive Law §296 et seq. ("NYHRL") and 42 U.S.C. § 1981. Pending before the Court are Plaintiff's motion *in limine* to exclude evidence relating to the allegedly retaliatory litigation, *International Shoppes, Inc. v. Spencer*, Index No. 10559/2004 (Supreme Court, Nassau County) (the "State Court Litigation") [DE 180] and Defendants' cross-motion for an Order confirming that certain evidence relating to the State Court Litigation is admissible [ DE 181-2].

      The State Court Litigation is described in detail in the Court's September 28, 2012 Order denying Defendants' motion for summary judgment [DE 170]. In sum, on July 28, 2004, approximately two months after Spencer was terminated, Defendants International Shoppes Inc. ("ISI") and Michael Halpern brought a suit against Spencer for defamation, defamation *per se*, *prima facie* tort, duress, and fraudulent concealment. After the lawsuit was filed, Spencer made additional allegedly defamatory statements and ISI and Halpern amended the complaint to incorporate claims based on those additional statements. After a bench trial, New York State

Supreme Court Justice Ute Wolff Lally dismissed all of the claims with the exception of the Sixth Cause of Action for defamation *per se*. The Sixth Cause of Action was one of the claims asserted in the amended complaint, but not in the original complaint. Justice Lally denied ISI and Halpern's requests for compensatory damages, but assessed punitive damages against Spencer in the amount of $3,000. In reaching her decision, Justice Lally found that Spencer was not a credible witness.

Spencer now seeks an Order precluding Defendants' counsel from mentioning or introducing any evidence relating to the Sixth Cause of Action. Defendants seek an Order confirming that all of Justice Lally's rulings and findings are admissible, including her ruling on the Sixth Cause of Action and finding on Spencer's credibility.

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted); *accord Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 283 (S.D.N.Y.1996); *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005). When a party moves to preclude evidence by means of an *in limine* motion, the court is required to determine preliminarily under Fed. R. Evid. 104 whether the evidence is admissible. *See Highland Capital Mgmt., L.P.*, 379 F. Supp.2d at 467 (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01-CV-3796, 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004). "[O]nly when the evidence is clearly inadmissible on all potential grounds" should such evidence be excluded on a motion *in limine*. *Commerce Funding Corp.*, 2004 WL

2

1970144 at *4 (citing *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998)); *accord Sec. Exch. Comm'n v. U.S. Envtl, Inc.*, No. 94-CV-6608, 2002 WL 31323832, at *2 (S.D.N.Y. Oct.16, 2002). It should be noted that an *in limine* ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." *Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 467 (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

Plaintiff argues that evidence regarding the Sixth Cause of Action is inadmissible under Federal Rules of Civil Procedures 401, 402, and 403. Rules 401 and 402 pertain to relevance. The "standard of relevance established by the Federal Rules of Evidence is not high." *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985); *Kansas City Fire & Marine Ins. Co. v. Long Island Power Auth.*, No. 05-CV-4944, 2007 WL 7034284, at *9 (E.D.N.Y. Nov. 23, 2007). Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action. F.R.E. 401; *accord United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006). Rule 402 provides that all relevant evidence is admissible unless otherwise provided in the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules provided by the Supreme Court. F.R.E. 402; *Kansas City Fire & Marine Ins. Co.*, 2007 WL 7034284, at *9.

The Court concludes that Justice Lally's determination pertaining to the Sixth Cause of Actions is relevant. Defendants previously moved for summary judgment on the grounds that their successful litigation of the Sixth Cause of Action proved that the State Court Litigation was not frivolous and, therefore, not retaliatory. DE 162. The Court denied the motion, finding that

3

non-frivolous litigation can be retaliatory if it is motivated by retaliatory animus. DE 170. In order to determine whether litigation is retaliatory, the Court must engage in a fact-specific inquiry regarding the employer's intent in filing the litigation. *See Penberg v. HealthBridge Mgmt.*, 823 F. Supp. 2d 166, 192 (E.D.N.Y. 2011). Although the Court concluded that Justice Lally's entry of judgment in favor of ISI and Halpern on the Sixth Cause of Action was not conclusive on the matter of ISI and Halpern's intent, it does not necessarily follow that the judgment is not relevant. Because that portion of the judgment was not conclusive on the issue of Defendants' intent, that issue is now left to be tried to a jury. The fact that the Sixth Cause of Action was sustained is, however, relevant to the issue whether ISI and Halpern brought the claim for a legitimate purpose. Defendants' lawsuit in the state court is the crux of *this* lawsuit. It would be inappropriate to parse out the "motivation" element in the manner that Plaintiff urges.

Plaintiff Spencer makes much of the fact that the Sixth Cause of Action was not in the original complaint, but rather was asserted for the first time in the amended complaint. Indeed, as the Court previously held, since the Sixth Cause of Action was not asserted in the original complaint, ISI and Halpern's judgment has no bearing on their motivation for filing the original complaint. DE 170 at 25-26. The problem with Spencer's argument is that his retaliatory litigation claim is not based solely on the filing of the original complaint, but rather it is based on the State Court Litigation as a whole. *See* Am. Compl. [DE 13]. Defendants maintain that Plaintiff persisted in his pattern of defaming them even after their original complaint was filed – resulting in their filing an amended complaint to incorporate those additional acts. Defs.' Mem. at 2-3.

Spencer cannot limit the evidence to the aspects of the litigation that were favorable to him. Moreover, even if Spencer's claim was limited to the allegations in the original complaint filed in state court, the Sixth Cause of Action would nevertheless be relevant to damages. Spencer seeks damages stemming from the stress of litigating the state court action. Thus, if the Sixth Cause of Action were not part of Spencer's claim, the judgment in favor of ISI and Halpern would be relevant to an argument that an alternative or exacerbating cause of Spencer's stress was the Sixth Cause of Action, not the claims asserted in the original complaint. Thus, the evidence is relevant even if the Court were to accept Spencer's attempt to narrow his claim.

Plaintiff also argues that evidence pertaining to the Sixth Cause of Action in the State Court Litigation should be barred under Federal Rule of Evidence 403. Rule 403 gives the Court "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative." *Kansas City Fire & Marine Ins.*, 2007 WL 7034284, at *9 (citing *United States v. Beech–Nut Nutrition Corp.,* 871 F.2d 1181, 1193 (2d Cir. 1989)). Rule 403 also provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Since Rule 403 excludes relevant evidence "it is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990); *accord MBIA Ins. Corp. v. Patriarch Patners VIII, LLC*, No. 09-CV- 3255, at *11 (S.D.N.Y. July 3, 2012). The Court is not persuaded by Plaintiff's argument that reference to the Sixth Cause of Action will confuse the jury. Nor is the Court persuaded by Plaintiff's argument that reference to the Sixth Cause of Action "would be an improper attempt by defense counsel to bolster its case." DE 180 at 6. "Plaintiff's case may be harmed by reference to the evidence at issue, but such

harm is not the 'unfair' prejudice that Federal Rule of Evidence 403 is intended to protect against.'" *Id*. (quoting *Shea v. Royal Enters., Inc.*, No. 09-CV-8709, 2011 WL 2436709, at *9 (S.D.N.Y. June 16, 2011) (internal alterations omitted)). For all of the foregoing reasons, the Court concludes that evidence pertaining to the Sixth Cause of Action in the State Court Litigation is admissible.

The Court next turns to the issue of Justice Lally's credibility findings. Federal Rule of Evidence 608(b) provides that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witnesses' conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.

F.R.E. 608(b). Defendants seek to use the following findings by Justice Lally regarding Spencer's credibility in their cross-examination of Spencer:

> On cross-examination, Plaintiff admitted to submitting a false resume and employment application to International Shoppes, Inc. In both documents he claimed to have attended two years of college when, in fact, he did not. Further, he admitted that 'he lied to get a source of money.' Plaintiff also changed his testimony as to whether he again brought up the phantom employee at a meeting with Michael Halpern in August of 2003 when confronted with his deposition testimony. Based upon the foregoing, Plaintiff lacks credibility.
>
> \* \* \*
>
> Based on the testimony adduced at this hearing to assess damages for per se defamation, the Court finds that Plaintiff engaged in evasive

6

> and deceptive tactics. Further, Plaintiff's failure to recall what he did with the 72 thousand from prior settlements, the 56 thousand from the sale of an inherited house, his lack of knowledge of what he [sic] wife uses the $3,000 for which he gives her every month, and his lack of knowledge of the household expenses, all casts doubt on his credibility.

Defs.' Mem. at 5. (quoting Justice Lally's Trial Decision and Damages Decision) (internal alterations omitted).

A district court has discretion to determine whether prior judicial findings on credibility should be admitted under Rule 608. *See U.S. v. Cedeno*, 644 F.3d 79, 82 (2d Cir. 2011). In exercising this discretion, courts should consider:

> (1) "whether the prior judicial finding addressed the witness's veracity in that specific case or generally'"; (2) "whether the two sets of testimony involved similar subject matter"; (3) "whether the lie was under oath in a judicial proceeding or was made in a less formal context"; (4) "whether the lie was about a matter that was significant"; (5) "how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness"; (6) "the apparent motive for the lie and whether a similar motive existed in the current proceeding"; and (7) "whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible."

*U.S. v. Barret*, No. 10-CR-809, 2012 WL 194992, at *3 (E.D.N.Y. Jan. 23 2012) (quoting *Cedeno*, 644 F.3d at 82-83). Moreover, "[e]vidence admitted under Rule 608(b) is subject to probative-prejudice balancing test in Rule 403." *See U.S. v. Vasquez*, 840 F. Supp. 2d 564, 574 (E.D.N.Y. 2011) (citing *U.S. v. Tillem*, 906 F.2d 814, 827 (2d Cir. 1990)).

Based on the relevant factors, the Court finds that it would be inappropriate to permit Defendants to introduce Justice Lally's findings on Spencer's credibility. This Court, in addition, does find a significant difference in attempting to apply *Cedeno* in a civil case. Notwisthdatning

7

the fact that some of the *Cedeno* factors weigh in favor of admissibility, Justice Lally's finding would be highly prejudicial since the witness whose testimony is at issue is the plaintiff. The Court also notes that *Cedeno* was balancing the need to impose reasonable limits on cross-examination against the need to "give 'wide latitude' to a defendant in a criminal case to cross-examine government witnesses" and "a defendant's right under the Confrontation Clause to an effective cross-examination." *Cedeno*, 644 F.3d at 83. The latter two concerns are not present in this civil matter.

The Court will, however, permit Defendants to explore the same extrinsic evidence on which Justice Lally's determination was based. The jury can then draw its own conclusions from that evidence. This course will more appropriately balance the probative value of the evidence against its potential for prejudice. *See U.S. v. Barner*, No. 08-CR-170, 2012 WL 4320617, at *1 (W.D.N.Y. Sept. 20, 2012) (suggesting that it would be more appropriate to allow cross-examination on underlying statements that led to credibility determination, but not credibility determination).

**SO ORDERED.**

Dated: Central Islip, New York
February 25, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge